# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1115
Filed: February 28, 2018
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| JAMES A. GUSTAFSON, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *    Attorneys' Fees and Costs; |
| | *    Special Processing Unit ("SPU") |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Allen Howard Adger*, Basalt, CO, for petitioner.
*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 5, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a result of his influenza ("flu") vaccine administered on November 17, 2013. Petition at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On July 13, 2017, the undersigned issued a decision based on the parties' stipulation. (ECF No. 46). On August 22, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 51). On September 14, 2017, the undersigned filed an order addressing errors and omissions in petitioner's application for attorneys' fees. (ECF No.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

53).  On September 20, 2017, petitioner filed a supplemental motion for attorneys' fees and costs. (ECF No. 54).  Petitioner requests $38,700.00 in attorneys' fees and $2,458.00 in costs.  (*Id.* at 2).  Additionally, in accordance with General Order #9, petitioner's counsel submitted a signed statement indicating that petitioner personally incurred $612.80 of the requested costs as out-of-pocket expenses.[3] (ECF No. 57). Thus, the total amount requested is $41,158.00.

On August 28, 2017, respondent filed a response to petitioner's initial motion for attorneys' fees and costs.  (ECF No. 52).   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  (*Id.* at 1). Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.* at 2).  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  (*Id.* at 3).   Petitioner filed no reply to respondent's response.

The undersigned has reviewed the billing records submitted with petitioner's request and finds the rate requested by petitioner's counsel, Mr. Adger, reasonable. However, a reduction in the amount of fees to be awarded is required for the reasons discussed below.

As an initial matter, the undersigned notes that counsel has grouped multiple activities into single time entries which is frowned upon as it makes a line-by-line analysis nearly impossible.  *See, e.g. Riggins v. Sec'y of Health & Human Servs.*, 99-38V, 2009 WL 3319818, *23-24 (Fed. Cl. Spec. Mstr. June 15, 2009).  Attorneys are advised that "[e]ach task should have its own line entry indicating the amount of time spent on that task" and that "[l]umping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request." *Guidelines for Practice Under the National Vaccine Injury Compensation Program* at 68.[4]

Additionally the undersigned notes, petitioner requests compensation for a number of paralegal tasks billed at an attorney rate. Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal.  *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4,

---

[3] Petitioner's counsel clarified by email communication with the court, copying respondent's counsel, the costs which were incurred personally by petitioner. *See* Informal Communication dated February 12, 2018.

[4] *Guidelines for Practice Under the National Vaccine Injury Compensation Program,* are available on the court's website at http://www.cofc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf

2016); *Riggins,* 2009 WL 3319818, at *20-21;*Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). The undersigned finds petitioner has billed for at least 19.6 hours of time spent on tasks that are primarily paralegal in nature.[5] The undersigned **reduces the fee request by $3,822.00**.[6]

The undersigned also finds Mr. Adger billed a total of 4.7 hours for time spent on tasks which are not reimbursable. These tasks include time spent obtaining bar membership and a CM/ECF account which are not tasks related solely or exclusively to petitioner's case.[7] *See Velting v. Sec'y of Health & Human Servs.,* No. 90-1432, 1996 WL 937626, at *2 (Fed. Cl. Spec. Mstr. Sept. 24, 1996). The undersigned **reduces the fee request by $1,476.00**.[8]

Additionally, petitioner requests compensation for 1.5 hours of time billed by Mr. Adger for tasks which the undersigned finds to constitute non-compensable administrative overhead. *See, e.g. Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (legal assistant services that were "primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included with the attorneys' fee rates"); *Mostovoy,* 2016 WL 720969, at *5.  The undersigned **reduces the fee request by** $**489.00**.[9]

---

[5] Examples of these tasks include: 09/04/15 (1.4 hours) "Assemble filing package; trip 3 blocks to Basalt Printing; scan and put on disk all pleadings and exhibits; obtain four copies of each package; prepare mailing of original and 2 copies, revise letter to Court; send copy to client for approval or final edits." (ECF No. 54 at 11); 01/15/16 (1.7 hours) "Additional work labeling exhibits and subcategories; take all to Basalt Printing to scan all records." (ECF No.54 at 15); 02/15/16 (2.6 hours) "Separate records into Exhibits 15, 16 and 17 with subsections; review and organize records for delivery to Basalt Printing to scan all 480+ pages of records." (ECF No. 54 at 17); 06/24/16 (0.4 hours) "Followup telcons to billing in Aspen Valley and St. Mary's Hospital; records probably will come in a week; check then." (ECF No. 54 at 22). The undersigned finds these entries unclear as the time spent on the various tasks is not separated and administrative, paralegal and attorney work is detailed. Therefore, this billed time is reimbursed at the paralegal rate as the tasks are primarily paralegal in nature.

[6] This total represents the difference between petitioner's counsel's rate of $330.00 per hour and a reasonable paralegal rate of $135.00 per hour multiplied by 19.6 hours for a total reduction of $3,822.00. ($330.00 - $135.00 * 19.6 = $3,822.00).

[7] These tasks include: 08/15/14 (1.2 hours) "Prepare application for admission to Federal Court of Claims and contact two attorneys for references; prepare letter to Colorado State bar for Certificates of Good Standing." (ECF No. 54 at 9); 09/09/14 (1.1 hours) "Review letter to Federal Bar, assemble and scan application, Certif of Good Standing and two recommendation letters; assemble application package and send to Fed Court Priority Mail." (*Id.*); 10/16/15 (1.6 hours) "Telcons and emails Ted King regarding access to CM/ECF filings in the Federal Court of Claims; review website and take attorney certification test several times; get 80% on test and file registration; review notices from court of suspension of medical records deadline." (ECF No. 54 at 12).

[8] This total represents 2.5 hours of time billed at a rate of $300.00 per hour and 2.2 hours billed at a rate of $330.00 per hour for a total reduction of $1,476.00. (2.5 * $300 + 2.2 * $330 = $1,476.00).

[9] This total represents: 0.2 hours of time billed at $300 to "Prepare copies of exhibits for filing package." (ECF No. 54 at 9);  and 1.3 hours of time billed $330 to "[e]dit Exhibit pleading; hole punch and put in

The undersigned has also reviewed the costs submitted with petitioner's request and finds a reduction in the amount of costs to be awarded appropriate. Mr. Adger seeks reimbursement of $15.45 in costs associated with his admission to the bar, which is non-compensable as discussed above. (ECF 54 at 1). *See Velting,* 1996 WL 937626, at *2, 4.  The undersigned **reduces the cost request by $15.45**.

Based upon the above analysis, a review of the costs, and the undersigned's experience, petitioner's application for attorneys' fees and costs is **reduced by a total of $5,802.45.**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  In sum, the undersigned finds that petitioners are entitled to reasonable attorneys' fees and costs as described above and awards petitioner attorneys' fees in the reduced amount of $32,913.00 and costs in the amount of $2,442.55.

| | |
|---|---:|
| Requested attorneys' fees: | $38,700.00 |
| Reductions | - 5,787.00 |
| **Adjusted Fees Total:** | **$32,913.00** |
| Requested attorneys' costs: | $1,845.20 |
| Reductions | - 15.45 |
| **Adjusted Costs Total:** | **$1,829.75** |
| Requested petitioner costs: | $612.80 |
| Reductions | - 0.00 |
| **Adjusted Petitioner Costs Total:** | **$612.80** |

**Accordingly, the undersigned awards the total of $35,355.55[10] as follows:**

- **A lump sum of $34,742.75, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Allen Howard Adger; and**

- **A lump sum of $612.80, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

---

notebooks Exhibits 15-17, scan signed Additional Exhibit Pleading and Certificate of Completion." (ECF No. 54 at 17).

[10] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[11]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.